ANNIE GIBSON, ADMINISTRATRIX, ETC., RESPONDENT, v. THE ERIE RAILWAY COMPANY, APPELLANT.

*Master — liability of, for injury to servant — negligence.*

Plaintiff's intestate, while ascending a stairway on the side of one of defendant's freight cars, in the proper discharge of his duties, was struck by the projecting roof of one of defendant's sheds, knocked from the car and killed. The roof projected in such a manner as to be distant from the top of the car on the side of the stairway three inches in a horizontal direction, and one foot and ten inches in a vertical direction. *Held*, that a jury might properly find that it was negligence for the company to allow the roof to remain in this position.

APPEAL from a judgment in favor of the plaintiff, and from an order made at the Special Term, denying a motion for a new trial.

This action was brought to recover damages arising from the death of the plaintiff's intestate. The deceased, while ascending a stairway fastened to the side of a freight car, was struck by a roof upon one of defendant's sheds, knocked from the car and killed.

The relative position of the track and of the projecting roof sufficiently appears from the opinion.

*Sprague, Gorham & Bacon,* for the appellant.

*Martindale & Oliver,* for the respondent.

E. DARWIN SMITH, J.:

The verdict of the jury upon the points distinctly made in the defendants' exceptions to the charge, settles the question that Parker, in ascending the car of the train at the time and in the manner shown in the evidence, was in the discharge of his duty, imposed upon him by virtue of his employment by and with the defendants. This finding implies also that the said Parker was free from fault or negligence on his part contributing to the injury.

The question remains, whether the defendants are liable to respond for such injury, upon the conceded facts of the case as they stood at the close of the plaintiff's evidence, when the defendant's counsel moved for a nonsuit, which was denied, or as it stood at the close of the case, when said motion was renewed and was denied, to both of which decisions the defendants' counsel duly excepted.

The projection of the roof of the defendants' depot, at Attica, where the accident occurred, so far over the track of their road as to subject a person getting on their cars in the ordinary course of duty, to such peril as involved and caused the loss of life of Parker, a conductor in their employ, can hardly be otherwise than a great omission of duty to their employes, and such as to warrant the jury in finding them guilty of negligence. The jury must have so found upon the facts, and I do not see how, as matter of law, this court can hold otherwise. It is well settled law, that, as between master and servant, the master is bound to exercise care and pru-

dence, to see to it that his servants are not exposed to unreasonable risks and dangers in the discharge of their duties. (*Noyes* v. *Smith*, 28 Vt., 59.) In *Hutchinson* v. *Railway Company* (5 Wels., Hurls. & Gord., 352), ALDERSON, B., said the master was exempt for injury to his servants, provided he " shall have taken due care not to expose his servants to unreasonable risks;" and *vide* also *Paterson* v. *Wallace* (1 Macq. H. L. Cas., 748) ; *Ryan* v. *Fowler*, (24 N. Y., 414).

It appears from the evidence that the roof was twelve feet four inches above the iron track of the defendant's road; that it projected eight feet and two inches from the building, and the track was ten feet and two inches from the building. The car on which Parker was killed was proved to have been one of the largest kind of box cars in use on the defendant's road. The widest car measured was nine feet and two inches in width, with about an inch and a half of coping, making the width at the top nine feet and five inches, and the stairs two and a half inches. The height of the car from the rail was ten and a half feet, and the stock cars were wider than the box cars. Parker was killed on a stock car. Allowing for the width of the car nine feet and five inches at the top, and two and a half inches for the width of the stairway, the space between the top of the car and the edge of the roof of the depot — the track of the road, being six feet wide — would be on the side toward the building only three inches, and from the top of the car to the roof one foot and ten inches. This would be a very narrow space for a man of ordinary size to occupy, in passing this station on the top or edge of the car.

I think the jury did not err in finding that it was negligence on the part of the defendants to expose their servants to danger in such narrow quarters. It appears that this depot was erected many years since, and it seems quite apparent that while the freight cars used by the defendants have been constantly growing in size, the officers of the company have been insensible to the fact that the roof of the depot remained stationary.

The order denying the motion for a new trial should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.